IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3130-FL

| | |
|---|---|
| DANIEL P. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al. | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on the motion for summary judgment (DE # 24) of defendant the United States of America. Also before the court is plaintiff's motion to appoint counsel (DE # 33). The matter is ripe for adjudication. For the following reasons, the court grants defendant's motion for summary judgment and denies plaintiff's motion to appoint counsel.

## STATEMENT OF THE CASE

On October 6, 2008, plaintiff brought this action pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against the above-named defendant as well as Physicians Assistant Chatman, Physicians Assistant Dee, Dr. D. Phillips, Counselor Kerry Mottern,[1] and an unknown x-ray technician. Plaintiff sought damages for injuries he received to his right arm while he was operating a forklift on April 10, 2006. Plaintiff claims that the medical staff at the Federal Prison Camp in Butner, North Carolina ("Butner") breached their duty of care by denying him medical treatment. On January 2, 2009, the court conducted a frivolity review and dismissed the individual defendants on the grounds that the only proper party for a suit brought under the

---

[1] This defendant is misidentified as "Kerry Modern" in the complaint and on the court's docket.

FTCA is the United States of America. See 28 U.S.C. §§ 1346(b), 2674, 2679; United States v. Smith, 499 U.S. 160, 167 n.9 (1991). The court allowed plaintiff's action to proceed against defendant the United States of America only.

On February 4, 2009, defendant moved to dismiss this action, arguing that the court lacked subject matter jurisdiction and that plaintiff failed to state a claim upon which relief may be granted. Plaintiff response, and on April 1, 2009, filed motions to supplement his response, to amend his complaint, and to appoint counsel. By order entered June 17, 2009, the court denied plaintiff's motion to appoint counsel, but granted plaintiff's motion to amend and motion to supplement. After plaintiff filed his amended complaint on July 14, 2009, and defendant filed response, this court entered an order on September 22, 2009, granting in part and denying in part defendant's motion to dismiss. The court granted defendant's motion to dismiss as to all claims except plaintiff's negligence claim arising out of injuries allegedly caused by the failure of Mottern to provide plaintiff with a bottom bunk. Plaintiff's claim is now limited to injuries arising out of this fall.

Defendant filed an answer to plaintiff's amended complaint on October 5, 2009, and moved for summary judgment on November 23, 2009. Plaintiff filed his response on December 18, 2009, and defendant filed a reply on January 25, 2010. Also on January 25, 2010, plaintiff filed a second response to defendant's motion and a second motion to appoint counsel.

## STATEMENT OF FACTS

The undisputed facts, viewed in the light most favorable to plaintiff, are as follows. On April 10, 2006, while incarcerated at Butner, plaintiff suffered an injury to his right arm while operating a forklift. Following the injury, plaintiff sought and received medical treatment on numerous occasions. Eventually, plaintiff was diagnosed with a wrist fracture and his arm was put into a cast.

2

As a result of his injury, medical staff ordered that plaintiff be placed on restrictive duty and be given a bottom bunk from May 5, 2006, through June 6, 2006. Plaintiff, however, was not reassigned to a bottom bunk during this period of time.

On June 2, 2006, the cast was removed from plaintiff's arm. The next morning, June 3, 2006, plaintiff fell from the top bunk while getting out of bed, injuring his arm, shoulder, and knee. Plaintiff alleges that Mottern, the Bureau of Prisons ("BOP") counselor assigned to him, whose duties included giving inmates their specific bed assignments, breached the duty of care owed to plaintiff by failing to assign him to a bottom bunk despite the fact that he was provided with a bottom bunk pass on May 5, 2006. Plaintiff states that as a result of Mottern's negligence, he suffered a sprained shoulder and knee, and swelling in his arm and hand.

## DISCUSSION

A.   Plaintiff's Motion for Appointment of Counsel

Plaintiff filed a motion to appoint counsel on January 25, 2010. There is no constitutional right to counsel in civil cases, see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 300 (1989), but the court is authorized to appoint counsel to represent an indigent party in a civil action, 28 U.S.C. § 1915(e)(1). The court's power to appoint counsel for an indigent party is discretionary, but it is directed to do so "where the case of an indigent plaintiff presents exceptional circumstances." Whisenant, 739 F.2d at 163. The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. Where the negligence action before the court is not particularly complex, and plaintiff has thus far ably litigated this action, exceptional circumstances are not present. Moreover, there has been no change to the
<div></div>
<p></p>
<br/>
<p></p>
<br>

complexity of this case or plaintiff's abilities to bring it since the court denied his first motion for appointment of counsel on June 17, 2009. Accordingly, plaintiff's motion is DENIED.

B.  Defendant's Motion for Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.  Analysis

Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). Because the statute "requires the law of the place 'where the act or omission occurred' to be applied," Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)), North Carolina substantive law controls plaintiff's negligence claims. In North Carolina, a plaintiff asserting negligence must prove: (1) the existence of a legal duty or standard of care owed to the plaintiff by the defendant, (2) breach of that duty by defendant, (3) the breach was the proximate cause of an injury to plaintiff, and (4) damages resulted

4

from the injury. Camalier v. Jeffries, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995); see also Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

It is undisputed that defendant owes plaintiff a statutorily-prescribed duty of care to "provide suitable quarters and provide for [his] safekeeping, care, and subsistence." 18 U.S.C. § 4042(a); see United States v. Muniz, 374 U.S. 150, 164-65 (1963) ("[T]he duty of care owed by the [BOP] to federal prisoners is fixed by [§ 4042], independent of an inconsistent state rule."); see also Beckwith v. Hart, 263 F. Supp. 2d 1018, 1022 (D. Md. 2003) (construing § 4042(a) as requiring BOP employees "to exercise ordinary diligence to keep inmates safe and free from harm"). Defendant, however, argues that plaintiff cannot show that Mottern breached that duty, that any such breach proximately caused plaintiff's injury, or even that plaintiff suffered a compensable injury. Plaintiff also argues that plaintiff cannot recover because his own negligence contributed to the alleged injury.[2] Because the court agrees that the alleged breach of duty by Mottern was not the proximate cause of plaintiff's injury, it is unnecessary to address defendant's other arguments.

Proximate cause is "[a] cause that is legally sufficient to result in liability; an act or omission that is considered in law to result in a consequence, so that liability can be imposed on the actor." Black's Law Dictionary 250 (9th ed. 2009). Under North Carolina law, proximate cause is a direct cause, unbroken by any independent and intervening cause, "from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious

---

[2] Under North Carolina law, contributory negligence is an absolute bar to recovery. Cobo v. Raba, 347 N.C. 541, 545, 495 S.E.2d 362, 365 (1998). "A plaintiff is contributorily negligent when he fails to exercise such care as an ordinarily prudent person would exercise under the circumstances in order to avoid injury." Newton v. New Hanover County Bd. of Educ., 342 N.C. 554, 564, 467 S.E.2d 58, 65 (1996). The burden is on defendant to prove contributory negligence, and the issue is "rarely appropriate for summary judgment, and only where the evidence establishes a plaintiff's negligence so clearly that no other reasonable conclusion may be reached." Martishius v. Carolco Studios, Inc., 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002).

5

nature, was probable under all the facts as they existed." Hairston v. Alexander Tank & Equip. Co., 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984). "The test of proximate cause is whether the risk of injury, not necessarily in the precise form in which it actually occurs, is within the reasonable foresight of the defendant." Williams v. Carolina Power & Light Co., 296 N.C. 400, 403, 250 S.E.2d 255, 258 (1979).

The court finds that proximate cause cannot be established because an ordinarily prudent person would not have foreseen plaintiff's injury on the facts presented.[3] In his complaint, plaintiff states he was given a bottom bunk pass because he had difficulty "climbing up onto a top bed with one arm." (Am. Compl. ¶ 28.) Not only did plaintiff not fall while climbing up to the top bunk, but he did not fall while climbing down until after his wrist had set and his cast had been removed. Without an ongoing wrist injury or an unwieldy cast hindering his ability to climb down from his top bunk, it could not have been reasonably foreseeable to Mottern that plaintiff would fall while getting out of bed. Even assuming some latent and undisclosed disability necessitating a bottom bunk at the time of the fall, which assumption is not in any case supported by the record,[4] an ordinarily prudent person unaware of such injury could not reasonably be expected to foresee that

---

[3] Proximate cause is ordinarily a question for the trier of fact and therefore not always suitable for disposition on summary judgment. See Lamm v. Bissette Realty, Inc., 327 N.C. 412, 418, 395 S.E.2d 112, 116 (1990); Williams, 296 N.C. at 403, 250 S.E.2d at 258. Plaintiff, however, is not entitled to a jury trial, see 28 U.S.C. § 2402, and the court will therefore be acting as the trier of fact in this matter. In such circumstances, the court may draw inferences from the evidence submitted in support of a motion from summary judgment in ruling on the same if a trial on the merits would not enhance its ability to draw inferences and conclusions from the facts presented. Internat'l Bancorp, LLC v. Societe des Bains de Mer et du Cercle des Estrangers a Monaco, 329 F.3d 359, 362 (4th Cir. 2003). Because the facts necessary to adjudicate proximate cause are not reasonably in dispute, and witness credibility is not in issue as to these facts, a trial is unnecessary for the court to determine that Mottern's conduct was not the proximate cause of plaintiff's injury.

[4] Plaintiff was given the bottom bunk pass a week and a half after being placed in the cast, and the pass expired near the time on which the cast was to come off. The pass was not re-authorized after the cast was removed, and plaintiff was not issued a new pass upon being seen by medical staff after falling out of bed. These facts suggest that, but for the cast, plaintiff did not have any need for the bottom bunk pass.

plaintiff, whose injury had occurred nearly two months earlier and who was no longer in a cast, would fall while climbing down from the top bunk.

Because plaintiff's bottom bunk pass was valid through June 6, 2008, Mottern may still have had a duty to provide him with a bottom bunk. But with the disability necessitating assignment to a bottom bunk removed, it was no longer foreseeable that the failure to assign a bottom bunk would cause plaintiff to fall from the top bunk, leading to injury. Accordingly, the court finds that on the facts presented, plaintiff cannot establish proximate cause, a necessary component of his negligence action. Defendant's motion for summary judgment is therefore GRANTED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to appoint counsel (DE # 33) is DENIED and defendant's motion for summary judgment (DE # 24) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8th day of May, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge